## 49801. GRANITE EQUIPMENT LEASING CORPORATION v. FOLDS.

BELL, Chief Judge.

The plaintiff Leasing Corporation sued the defendant for default in payment on a leasing contract of a printing press. The defendant set up the defenses of fraud and failure of consideration. Plaintiff's motion for a directed verdict was denied. The jury returned a verdict in favor of defendant and judgment was entered accordingly. Plaintiff's motion for judgment notwithstanding the verdict was denied.

The contract prepared on plaintiff's printed form called for the delivery to the defendant of a "Factory Rebuilt MGD 17 x 22 Press with Accessories" for which defendant was to pay a monthly rental for 5 years. The lease also provided that defendant had selected a third party as the supplier of the equipment and that plaintiff as the lessor ". . . has not and does not make any warranty, express or implied, as to the merchantability, fitness, condition, quality or otherwise of the equipment . . ." A printing press was delivered and accepted by defendant. Plaintiff received the supplier's invoice which it paid and it clearly shows that a "reconditioned" press was delivered. There is no evidence to show that the defendant knew of the notation on the supplier's invoice or that defendant knew at the time of his acceptance of the machine that the plaintiff had in fact delivered to defendant a "reconditioned" press and not a "factory rebuilt press." Defendant, sometime after delivery because of mechanical as well as functional difficulty with the press, had a printing press mechanic examine the equipment and at this time it was discovered that a "factory rebuilt" press was not delivered. The mechanic's testimony established that there is a material difference between the press delivered and the one defendant

bargained for. Defendant attempted to require plaintiff to provide him with a factory rebuilt press when he made his monthly payment but without success, as plaintiff claimed it was not its responsibility. Defendant thereafter made no further payments and advised plaintiff to pick up the press. *Held:*

Plaintiff contends that defendant waived his defenses of fraud and failure of consideration by reason of the disclaimer of warranty contained in the contract. We disagree. These defenses were not waived. The disclaimer on which the plaintiff relies, if at all effective, could apply only to the precise type of machine for which the contract called and which was described in it — to wit: "a factory rebuilt" press. The delivery of an altogether different kind of machinery (a "reconditioned" one — not a "factory rebuilt" one) leaves nothing on which the disclaimer could operate. That delivery was not within the terms of the contract and hence there was a failure of consideration. There is no evidence from which it can be inferred that defendant had knowledge that he did not receive a factory rebuilt press at the time of his acceptance of the delivery and thereby accepted a substitute. The jury was authorized to find that defendant was deceived and misled into accepting delivery of the printing press by the evidence that plaintiff had knowledge when it received the supplier's invoice that a factory rebuilt press had not been delivered. The defendant when he became aware of the true facts tried to rescind by tendering a return of the press. The trial court properly entered judgment on the verdict for defendant and properly denied plaintiff's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted October 7, 1974 — Decided February 5, 1975.

*Griffis & Thomas, Virgil D. Griffis,* for appellant. *M. Dale English,* for appellee.